UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA L. COLOSKE,

          Plaintiff,

v.                                  Case No. 12-15198

COMMISSIONER OF SOCIAL       HON. TERRENCE G. BERG
SECURITY,                         HON. MICHAEL J. HLUCHANIUK
          Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Michael J. Hluchaniuk's Report and Recommendation of February 6, 2014 (Dkt. 20), recommending that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted and that the findings and conclusions of the Commissioner be affirmed.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections (Dkt. 21) to the Report and Recommendation. A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed Magistrate Judge Hluchaniuk's Report and Recommendation, and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court.

## ANALYSIS

**A. The Social Security Act**

The Social Security Act (the Act) "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant qualifies as disabled "if she cannot, in light of her age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Combs*, 459 F.3d at 642 (quoting 42 U.S.C. § 423(d)(2)(A)).

Under the authority of the Act, the Social Security Administration (SSA) has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The five steps are as follows:

> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. [20 C.F.R.] § 404.1520(a)(4)(i). If claimants get past this step, the SSA at step two considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. *Id.* § 404.1520(a)(4)(ii). Claimants with impairments of insufficient duration are not disabled. *See id.* Those with impairments that have lasted or will last at least twelve months proceed to step three.

> At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their duration but also to the degree of affliction imposed. *Id.* § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA"s special list of impairments, or that is at least equal in severity to those listed. *Id.* § 404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the process ends at step three. Claimants with lesser impairments proceed to step four.
>
> In the fourth step, the SSA evaluates claimant's "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. *Id.* § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id.* § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled. Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. *See id.* § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. *See id.*; § 404.1560(c)(1).

*Combs*, 459 F.3d at 642–43.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r*, 336 F.3d 469, 474 (6th Cir. 2003).  If the analysis reaches the fifth step, the burden transfers to the Commissioner.  *See Combs*, 459 F.3d at 643.  At that point, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC and considering relevant

3

vocational factors." *Rogers v. Comm'r*, 486 F.3d 234, 241 (6th Cir. 2007); 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

Judicial review of the Commissioner's final decision is authorized pursuant to 42 U.S.C. § 405(g). Where, as here, the Appeals Council denies review, the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Judicial review, however, is circumscribed in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quotation marks omitted) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). This substantial evidence standard is less exacting than the preponderance of evidence standard. *See Bass*, 499 F.3d at 509 (citing *Bell v. Comm'r*, 105 F.3d 244, 246 (6th Cir. 1996)). For example, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509.

**B. The ALJ's Decision is Supported by Substantial Evidence**

Plaintiff raises two arguments on appeal. First, Plaintiff challenges the ALJ's credibility determination. Second, Plaintiff argues that the ALJ erroneously found that Plaintiff was able to work at step five. In his determination of residual functional capacity or "RFC," the ALJ found that Plaintiff retained the ability to

perform light work with occasional climbing of stairs and ramps, stooping, balancing, and crawling; no climbing of ropes or ladders; no concentrated exposure to hazards or moving machinery; simple, SVP 1 and 2 jobs; repetitive tasks; occasional decision making required and occasional changes in the work setting; no strict production quotas emphasis on a per shift rather than per hour basis (Tr. 17). According to Plaintiff, this assessment falls short of including all of her limitations. Magistrate Judge Hluchaniuk found that neither of Plaintiff's arguments warranted a remand, and this Court agrees.

As to Plaintiff's challenge to the ALJ's credibility determination, in deciding whether substantial evidence supports the ALJ's decision, reviewing courts "do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r,* 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r,* 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r,* 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Comm'r*, 152 Fed. App'x.

5

485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476; *see also Cruse v. Comm'r*, 502 F.3d 532, 542 (6th Cir. 2007).  Magistrate Judge Hluchaniuk correctly noted that the ALJ provided a thorough and detailed discussion of the reasons for finding that Plaintiff's subjective complaints were not fully credible.

The record indicated that Plaintiff was doing well in her treatment program, as long as she adhered to the medication routine and attended her appointments. The ALJ also pointed to Plaintiff's current living situation, her daily activities, household chores, and regular church attendance as being supportive of her ability to work.[1]  The ALJ also found that Plaintiff was able to maintain eye contact and respond appropriately to questions during the hearing.  The ALJ acted properly when he took these factors into account.

The ALJ also found it significant that Plaintiff received unemployment benefits in 2009, after she claimed to have been disabled, which means she represented herself to the state as being able to work, which reflected negatively on her credibility.  It was entirely appropriate for the ALJ to rely on this evidence in discounting Plaintiff's credibility – "[t]here is no reasonable explanation for how a person can claim disability benefits under the guise of being unable to work, and yet

---

[1] The regulations indicate that if disabling severity cannot be shown by objective medical evidence, the Commissioner will consider other factors, such as daily activities.  *See* 20 C.F.R. § 404.1529(c)(3); *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997).

file an application for unemployment benefits claiming that she is ready and willing to work." *Workman v. Comm'r*, 105 Fed. App'x 794, 801-02 (6th Cir. 2004). In light of the relevant facts listed, the ALJ's credibility determination is well founded, supported by substantial evidence, and should not be disturbed on appeal.

As to Plaintiff's claim that the ALJ's step five finding is improper, Magistrate Judge Hluchaniuk correctly found that Plaintiff was attempting to refute the RFC finding via a purported step five error. Plaintiff's overarching point here is that that ALJ failed to take all of her diagnoses into account when crafting the RFC. However, Magistrate Judge Hluchaniuk correctly noted that Plaintiff's "diagnoses," in and of themselves, are not evidence that she is limited in any particular way. The RFC circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from–though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r*, 276 F.3d 235, 240 (6th Cir. 2002). Plaintiff does not adequately explain how the ALJ's RFC fails to accommodate her mental limitations; she has not established that the ALJ failed to accommodate all of the limitations found to be credible and supported by substantial evidence in the record. As such, Plaintiff's second argument does not warrant a remand.

## **CONCLUSION**

For the reasons set forth above,

It is hereby ORDERED that Magistrate Judge Hluchaniuk's Report and Recommendation of February 6, 2014 (Dkt. 20) is ACCEPTED and ADOPTED.

It is FURTHER ORDERED that Plaintiff's motion for summary judgment (Dkt. 13) is DENIED and Defendant's motion for summary judgment (Dkt. 18) is GRANTED.

It is FURTHER ORDERED that the findings and conclusions of the Commissioner are AFFIRMED.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2014

## Certificate of Service

I hereby certify that this Order was electronically submitted on March 18, 2014, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb<br>
Case Manager